IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS ANTHONY RUMPH,

              Petitioner,

      vs.

WARDEN, Folsom State Prison,

              Respondent.

No. 2:18-cv-00350-JKS

MEMORANDUM DECISION

Thomas Anthony Rumph, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Rumph is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at Folsom State Prison. Respondent has answered, and Rumph has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

On June 30, 2015, Rumph was charged with unlawful infliction of corporal injury on a spouse or co-habitant (Count 1) and assault with force likely to cause great bodily injury (Count 2). The information alleged as to Count 1 that Rumph had suffered a prior conviction of unlawful infliction of corporal injury on a spouse or co-habitant. The information further alleged that Rumph had been previously convicted of terrorist threats in 2008, a serious felony, and had two prison priors (related to the 2008 conviction and a 2003 conviction for possession of ammunition).

Rumph pleaded not guilty, denied the allegations, and proceeded to a jury trial on June 29, 2015. On direct appeal of his conviction, the California Court of Appeal laid out the following facts underlying the charges against Rumph and the evidence presented at trial:

In March 2015, Sergeant Robert Quinn and Officer Paul Curtis were on patrol when they saw [Rumph] standing over a woman lying on the ground. As they approached, they saw the man kick the woman repeatedly, the kicks became increasingly forceful. The officers pulled over and exited their vehicle. [Rumph] continued to kick the woman and yelled at her to "get the fuck up." The officers detained [Rumph]. The woman, Carmen Doe, was sobbing on the ground and yelling, "Get him away from me," as she started crawling away. Both Doe and [Rumph] appeared intoxicated.

Doe had an abrasion above her right eye that was bleeding. Medics arrived and transported Doe to the hospital for treatment. Doe had swelling around her right eye, redness and dry blood around her mouth, and cuts and abrasions on her fingers, knuckle, and wrist. Dr. Kevin Whang, a staff radiologist at Kaiser, noted bruising and contusions on Doe's face, a small frontal hematoma, and a minimally displaced nasal bone fracture.

In jail recordings of conversations between [Rumph] and Doe, [Rumph] asked Doe to "say the right thing" and to "make this shit sound right and good." He told her that the girlfriend of another inmate had recanted, and as a result that inmate's sentence was reduced to 90 days. When Doe responded that he kicked her in the eye, he denied kicking her, stating, "I was nudging you." He urged her to state that "none of that shit happened" and that she was "mad pissed off."

[Rumph] testified he lived with Doe, and she was he was his [sic] "female, common law [wife of] 14, 15 years." He claimed he was walking his dog to the store when he saw Doe at a restaurant with two men he did not recognize. He called out to her and she looked up, startled, then started walking away in the other direction. She appeared "high." His dog was running behind her and she tripped and fell in the street. When she fell, she hit her head and it left a mark. She was crying as he approached her. He urged her to get up and nudged her with the side of his shoe. He denied kicking her in the face.

On direct examination, [Rumph] admitted having committed a series of prior offenses spanning from 1981 to 2014. These included multiple theft convictions, vehicle tampering, lying to a police officer, criminal threats, and three prior convictions for domestic violence: a 1990 misdemeanor domestic violence conviction, a 1992 felony domestic violence conviction, and a 2014 misdemeanor domestic violence conviction involving Doe. He denied having relationship problems with Doe.

On cross-examination, he was asked if he had been contacted by law enforcement multiple times over the last year and a half regarding alleged domestic violence incidents involving Doe. He denied the police contacts, and claimed Doe had a history of becoming intoxicated and screaming in the yard, causing people to call the police. The prosecutor impeached him with the 2014 misdemeanor domestic violence conviction, which had resulted from his guilty plea. The prosecution introduced photographs of Doe from the 2014 case, which showed an abrasion on her lip and a contusion on her back. [Rumph] denied that he had caused the injury by punching Doe in the face with a closed fist, throwing her to the ground, and kicking her. He claimed that the apparent injury to her lip was the result of a heat rash that had broken open.

*People v. Rumph*, No. C080174, 2017 WL 915107, at *1-2 (Cal. Ct. App. Mar. 8, 2017).

At the conclusion of trial, the jury found Rumph guilty on both counts. A court trial was held on the prior convictions, and the court made a true finding that Rumph had suffered the alleged convictions. The court subsequently sentenced Rumph to the upper term of 5 years in state prison, doubled to 10 years by operation of California Penal Code § 667(e)(1),[1] and an additional 2 years for the two prison prior allegations, for an aggregate imprisonment sentence of 12 years. The court stayed imposition of sentence on Count 2 pursuant to California Penal Code § 654.[2]

Through assigned counsel, Rumph appealed his conviction by filing a brief pursuant to *People v. Wende*, 600 P.2d 1071 (Cal. 1979), whereby appointed counsel filed an appellate brief reciting a summary of the proceedings and the facts of the case and requesting the court to independently review the record because counsel had found no arguable legal issues to raise. Appellate counsel informed Rumph of the filing of the *Wende* brief and advised him that he could file a supplemental brief in the Court of Appeal within 30 days of the date the *Wende* brief was filed or on leave of the court. Rumph submitted a supplemental brief alleging that the trial court erred for a variety of reasons in admitting the certified rap sheets of his prior convictions, the admission of the rap sheets violated his confrontation rights, there was insufficient evidence

---

[1] That section provides: "If a defendant has one prior serious or violent felony conviction . . . that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." CAL. PENAL CODE § 667(e)(1).

[2] Section 654 provides in relevant part that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." CAL. PENAL CODE § 654.

to support the conviction, and the court should dismiss his strike priors pursuant to *People v. Superior Court (Romero)*, 917 P.2d 628, 632 (Cal. 1996).[3]  The California Court of Appeal examined the record and unanimously affirmed the judgment against Rumph in a reasoned, unpublished opinion issued on March 8, 2017.  *Rumph*, 2017 WL 915107, at *4.  Rumph petitioned for review for all claims in the California Supreme Court, which was summarily denied on May 17, 2017.  Rumph also petitioned for a writ of certiorari in the United States Supreme Court, which was denied without comment on November 7, 2017.

Rumph then timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on February 2, 2018.  Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Rumph argues that: 1) his conviction is not supported by legally sufficient evidence; 2) the trial court erred in admitting evidence of his prior convictions as propensity evidence; 3) the admission of the court records of his convictions violated his right to confrontation; and 4) appellate counsel rendered ineffective assistance by filing a no merit brief.

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[3]      Under California Penal Law § 1385, a California court may dismiss a defendant's "strike" conviction for purposes of sentencing under the state's Three Strikes law, *see* CAL. PENAL CODE §§ 667(a)(1) & (b)-(I), 1170.12(a)-(d), a motion for such dismissal is referred to as a "*Romero*" motion based on the state supreme court's decision in that case.

Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state

court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536

U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned

decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004)

(citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication

on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under

the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner

rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v.*

*Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

A.    <u>Insufficiency of the Evidence</u> (Ground 1)

Rumph first argues that the evidence presented by the prosecution was legally

insufficient to sustain his conviction. As articulated by the Supreme Court in *Jackson*, the

federal constitutional standard for sufficiency of the evidence is whether, "after viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443

U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. 120, 132-33

(2010) (reaffirming this standard). This Court must therefore determine whether the California

court unreasonably applied *Jackson*. In making this determination, this Court may not usurp the

role of the finder of fact by considering how it would have resolved any conflicts in the

evidence, made the inferences, or considered the evidence at trial. *Jackson*, 443 U.S. at 318-19.

Rather, when "faced with a record of historical facts that supports conflicting inferences," this

6

Court "must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution." *Id.* at 326.

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must take its inquiry by reference to the elements of the crime as set forth in state law. *Jackson*, 443 U.S. at 324 n.16. A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see West v. AT&T*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted).

Under *Jackson*, this Court's role is simply to determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain conviction. *Schlup v. Delo*, 513 U.S. 298, 330 (1995). The United States Supreme Court has recently even further limited a federal court's scope of review under *Jackson*, holding that "a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam). *Jackson* "makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should

be drawn from evidence admitted at trial." *Cavazos*, 132 S. Ct. at 3-4. Under *Cavazos*, "a

federal court may not overturn a state court decision rejecting a sufficiency of the evidence

challenge simply because the federal court disagrees with the state court. The federal court

instead may do so only if the state court decision was 'objectively unreasonable.'" *Id.* at 4

(*quoting Renico v. Lett*, 559 U.S. 766, 773 (2010)).

Rumph argues in his Petition, as he did on direct appeal, that the evidence did not

establish that he was guilty of the assault crimes for which he was convicted because his version

of the events (that the victim fell and hit her head) was the truth. But all of the evidence in

support of his claim was before the jury for its assessment. This Court is precluded from re-

weighing the evidence or re-assessing witness credibility. *Schlup*, 513 U.S at 330; *Bruce v.*

*Terhune*, 376 F.3d 950, 957-58 (9th Cir. 2004). As the Court of Appeal concluded:

> On this record, there is ample evidence to support the conviction. It was
> uncontested that Doe and [Rumph] were living together and had a dating relationship.
> Two police officers saw [Rumph] repeatedly kick her. Doe sustained multiple
> contusions, a hematoma, and a nasal bone fracture. That is sufficient evidence to sustain
> the conviction.

*Rumph*, 2017 WL 915107, at *3.

The Court of Appeal's denial of this claim is both reasonable and fully supported by the

record. Although it might have been possible to draw a different inference from other evidence,

this Court is required to resolve that conflict in favor of the prosecution. *See Jackson*, 443 U.S.

at 326. Rumph bears the burden of establishing by clear and convincing evidence that these

factual findings were erroneous. 28 U.S.C. § 2254(e)(1). He has failed to carry such burden.

The record does not compel the conclusion that no rational trier of fact could have found that

Rumph inflicted the injuries upon Doe, especially considering the double deference owed under

*Jackson* and AEDPA. *See Valdez v. Clark*, 587 F. App'x 414, 414-25 (9th Cir. 2014). Rumph is therefore not entitled to relief on this legal insufficiency claim.

B.      Admission of Prior Convictions

Rumph next challenges the admission of his records of conviction on both evidentiary error and confrontation violation grounds..

1.      *Evidentiary error* (Ground 2)

The Supreme Court has acknowledged its "traditional reluctance to impose constitutional restraints on ordinary evidentiary rulings by state trial courts." *Crane v. Kentucky*, 476 U.S. 683, 689 (1986). The Supreme Court has further made clear that federal habeas power does not allow granting relief on the basis of a belief that the state trial court incorrectly interpreted the state evidence code in ruling on the admissibility of evidence. *Estelle*, 502 U.S. at 72 (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

The erroneous admission of evidence does not provide a basis for federal habeas relief unless it rendered the trial fundamentally unfair in violation of due process. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Evidence violates due process only if "there are no permissible inferences the jury may draw from the evidence." *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (emphasis omitted). A writ of habeas corpus will be granted for an erroneous admission of evidence "only where the 'testimony is almost entirely unreliable and . . . the factfinder and the adversary system will not be competent to uncover, recognize, and take due account of its shortcomings.'" *Mancuso v. Olivarez*, 292 F.3d 939, 956 (9th Cir. 2002), *overruled on other grounds by Slack v. McDaniel*, 529 U.S. 473 (2000).

The Court of Appeal considered and rejected Rumph's evidentiary error claim as follows:

> We review the admissibility of evidence under an abuse of discretion standard. (*People v. Cudjo* (1993) 6 Cal.4th 585, 609.) "A trial court abuses its discretion when its ruling 'falls outside the bounds of reason.' (*People v. DeSantis* (1992) 2 Cal.4th 1198, 1226.)" (*People v. Wesson* (2006) 138 Cal.App.4th 959, 969.) "Evidence Code section 452.5, subdivision (b) creates a hearsay exception allowing admission of qualifying court records to prove not only the fact of conviction, but also that the offense reflected in the record occurred." (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1460.)
>
> We have not found in the record an indication that the records of conviction were utilized to establish the facts underlying the convictions; rather than the fact of the conviction and the least adjudicated elements of the conviction. We find that the trial court did not abuse its discretion in admitting evidence of [Rumph's] prior offenses under Evidence Code sections 1109 and 352. The prior offense of domestic violence, specifically section 273.5, was the same offense charged in the current case, and thus relevant. The prior offenses were not remote. Although one of the offenses was over 20 years old, [Rumph] had not lived a crime-free life since. In fact, he had sustained multiple intervening convictions and served numerous prison terms. [Rumph's] guilty plea resolved the issue of certainty. The jury would not be distracted or confused by the prior convictions, because [Rumph] had been convicted of these offenses. The evidence was sufficiently similar because they were domestic violence offenses. There was no burden on [Rumph] to defend against these prior offenses, because he had pleaded guilty. The admission of documentary evidence removed much of the potential inflammatory details of the prior offenses. Thus, we conclude that the trial court executed its duty by carefully weighing the probative value of the evidence against its prejudicial effect. (*People v. Wesson*, *supra*, 138 Cal. App. 4th at pp. 969–970.)
>
> Prior felony convictions involving moral turpitude may be used to impeach a witness in a criminal proceeding. (*People v. Castro* (1985) 38 Cal.3d 301, 306.) Under *Castro*, "in determining whether a crime is one of moral turpitude, a court must look only to the elements of the offense and decide whether its least adjudicated elements necessarily involve moral turpitude." (*People v. White* (1992) 4 Cal. App. 4th 1299, 1302.) That is, the determination that an offense is a crime of moral turpitude does not require an examination of the facts underlying the conviction. The certified records of conviction allow the court to perform the analysis of the least adjudicated elements of the offense and determine if the offense necessarily involves moral turpitude.

*Rumph*, 2017 WL 915107, at *3.

Rumph fares no better on federal habeas review.[4] First, to the extent that he argues that the admission of his prior convictions violated state law, again Rumph is not entitled to habeas relief. *See Wilson v. Corcoran*, 562 U.S. 1, 4 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *Estelle*, 502 U.S. at 67-68.

Moreover, Rumph cannot show that the trial court's ruling violated his constitutional rights. Again, "The Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process." *Holley*, 568 F.3d at 1101. "Although the Court has been clear that a writ should issue when constitutional errors have rendered the trial fundamentally unfair [citation], it has not yet made a clear ruling that admission of irrelevant or overly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Id.*

Similarly, to the extent Rumph argues that the prior convictions inflamed the jury by suggesting Rumph's propensity to commit the present crime, the United States Supreme Court has never held clearly that the introduction of propensity evidence violates due process. *See Estelle*, 502 U.S. at 75 n. 5 ("we express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime"); *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008) (rejecting

---

[4]     Because Rumph testified at trial and was impeached with his prior convictions, his challenge to the court's ruling on that issue is cognizable on federal habeas review. *See Luce v. United States*, 469 U.S. 38, 48 (1984) (holding that, in order to present an objection to a trial court's ruling that a prior conviction could be admitted, a defendant must actually testify at trial); *Galindo v. Ylst*, 971 F.2d 1427, 1429 (9th Cir. 1992) (per curium) (applying *Luce* in the context of a habeas petition).

habeas petitioner's challenge to propensity evidence, where petitioner could point to no Supreme Court precedent establishing that admission of otherwise relevant propensity evidence violated the Constitution). In the absence of clearly established Supreme Court law on this issue, AEDPA relief is foreclosed. *See Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009) ("it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (citations and internal quotations omitted); *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, . . . it cannot be said that the state court unreasonably applied clearly established Federal law") (citation, internal brackets and quotations omitted). Because the Court of Appeal's rejection of this claim was not contrary to, or an unreasonable application of, any clearly established Federal law as determined by the United States Supreme Court, Rumph is not entitled to relief on his evidentiary error claim.

2.      *Confrontation violation* (Ground 3)

Rumph additionally contends that the admission of his records of conviction violated his right to confrontation. The Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides in part that, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. However, the Confrontation Clause applies only to "testimonial" statements, which generally refers to "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *See Crawford v. Washington*, 541 U.S. 36, 50-51 (2004). Although the Supreme Court has not articulated a comprehensive definition of testimonial hearsay, the Ninth Circuit has held that "it is undisputed that public records, such as judgments

[of conviction], are not themselves testimonial in nature and that these records do not fall within the prohibition established by the Supreme Court in *Crawford.*" *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005); *see also United States v. Causevic*, 636 F.3d 998, 1002 (8th Cir. 2011) ("We agree with the *Weiland* court that criminal judgments may be admitted to show that a defendant has a prior conviction without violating the Confrontation Clause."). Rumph's confrontation claim therefore must fail.

C.    <u>Ineffective Assistance of Appellate Counsel</u> (Ground 4)

Finally, Rumph faults appellate counsel for filing a no-merit *Wende* brief rather than raising the claims Rumph independently raised in his *pro se* supplemental brief. To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Where a habeas petition governed by AEDPA alleges ineffective assistance of counsel, the *Strickland* prejudice standard is applied and federal courts do not engage in a separate analysis applying the *Brecht* harmlessness standard. *Avila v. Galaza*, 297 F.3d 911, 918, n.7 (9th Cir. 2002); *see also Musalin*

*v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009). Under this rubric, in reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

Thus, Rumph must show that appellate counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

The Supreme Court has held that a habeas petitioner cannot state a claim for ineffective assistance of appellate counsel merely because his attorney filed a brief pursuant to *Wende*. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000) ("It is enough to say that the *Wende* procedure . . . affords adequate and effective appellate review for criminal indigents. Thus, there was no constitutional violation in this case simply because the *Wende* procedure was used."). In cases with fully briefed appeals and in cases with *Wende* briefs, claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in *Strickland*. *Id.* at 285. In the *Wende* brief context, the petitioner must first show that counsel was objectively unreasonable in

failing to find arguable issues of appeal, *i.e.*, unreasonably failed to discover nonfrivolous issues and failed to file a merits brief raising them. *Id.* Second, the petitioner must demonstrate prejudice, *i.e.*, a reasonable probability that, but for counsel's unreasonable failure to file a merits brief, the petitioner would have prevailed on appeal. *See id.*

Rumph fails to satisfy either prong here because, simply put, there were no meritorious issues that appellate counsel failed to raise. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1434-35 (9th Cir.1989) (appellate counsel's failure to raise a weak issue did not constitute ineffective counsel). The state courts affirmed Rumph's conviction and found no meritorious issues. *See Rumph*, 2017 WL 915107 at *1 (an independent review of the record revealed "no arguable error that would result in a disposition more favorable to" Rumph). Moreover, the Court of Appeal considered and rejected Rumph's claims raised in his *pro se* supplemental brief. *Id.* at *2-4. Counsel thus cannot be deemed ineffective for failing to raise them in the main brief. Accordingly, Rumph is not entitled to relief on this claim either.

## V. CONCLUSION AND ORDER

Rumph is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*,

537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the

Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: January 25, 2019.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
